UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                                                  Case No.: 14-19551-PGH

                                                                                        Chapter 13

LORI STICKLE,
f/k/a LORI ANN UTZ,

      Debtor.
_____/


PAULA WASIK CATALANOTTI,                                            Adv. No.
THE WASIK FAMILY TRUST and
THE JOSEPH WASIK AND PAULA
WASIK CATALANOTTI TRUST,

      Plaintiffs,
vs.

LORI ANN STICKLE, f/k/a
LORI ANN UTZ,

      Defendant.
_____/

**COMPLAINT FOR MANDATORY INJUNCTIVE RELIEF, ACCOUNTING AND FOR MODIFICATION OF ORDER GRANTING RELIEF FROM STAY TO ALLOW PURSUIT OF IN PERSONAM CLAIMS AND FOR SETTING-ASIDE OF ORDER CONFIRMING CHAPTER 13 PLAN**

      Plaintiffs, Paula Wasik Catalanotti, The Wasik Family Trust and The Joseph Wasik and Paula Wasik Catalanotti Trust, through their undersigned counsel, pursuant to 11 U.S.C. §105 sue the Debtor, Lori Stickle, f/k/a Lori Ann Utz, for injunctive relief, an accounting, for modification of this Court's Order granting relief from stay to permit pursuant of *in personam* claims and for vacation of the Court's *Order Confirming Debtor's Chapter 13 Plan* and alleges:

      1.      This is an action for injunctive relief, accounting and for modification of this

1

Court's Order granting relief from stay to permit pursuant of *in personam* claims in addition to vacation of the Court's August 28, 2014 *Order Confirming Debtor's Second Amended Plan* [ECF #46].

2.    The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1134 and 1409 and 11 U.S.C. §§ 105, 362 , 541, 1141 and 1327.  This is a core proceeding.

## GENERAL ALLEGATIONS

3.    On April 28, 2014 ("Petition Date"), the above-named Debtor filed a Voluntary Petition for relief under Chapter 13 of the U.S. Bankruptcy Code.

4.    The reason for Debtor's filing was to derail Paula Wasik Catalanotti's suit filed in Kings County, New York against the Debtor seeking removal of the Debtor as the Trustee of The Wasik Family Trust, an Accounting, damages for breach of fiduciary duty owed to the beneficiary, Paula Wasik Catalanotti and to set-aside a fraudulent transfer of real property.  The Court should note that the Debtor, Lori Ann Stickle, f/k/a Lori Ann Utz, never responded to the Kings County, New York *Verified Complaint*, a copy of which is attached as Exhibit 1.  Additionally, the Debtor, Lori Ann Stickle, f/k/a Lori Ann Utz, never responded to discovery requests in the Kings County, New York proceedings, rendering the beneficiary, Paula Wasik Catalanotti without any meaningful way in which to obtain an accounting from the Debtor as the now-former trustee of The Wasik Family Trust, or to recover from the Debtor monies that were apparently stolen from The Wasik Family Trust as part of the Debtor's scheme to defraud the beneficiary, Paula Wasik Catalanotti.

5.    Plaintiff, Paula Wasik Catalanotti is the income beneficiary of the The Wasik Family Trust ("Trust One") under which Debtor was the trustee until she resigned on August 8, 2014 pursuant to a previous order of this Court dated July 21, 2014. [ECF

#25] The Debtor scheduled the debt owed to the Movant as $100,000 which is a gross understatement of the amounts apparently stolen by the Debtor from The Wasik Family Trust.

6. On December 17, 2013 Movant commenced an action in New York Supreme Court, Kings County (Index No. 21697/13) in which, among other things, she alleges that Stickle is guilty of a continuing breach of fiduciary duty in her administration of the assets of the Trust One.[1] ("New York Action").

7. On or about August 27, 2013, the Debtor sold the sole asset of Trust One, a house and garage in Brooklyn (the "Brooklyn Property"), to Adriaen Block Properties LLC, a limited liability company owned by Amanda Crandall[2], a friend of the Debtor, for one third of the property's market value rather than selling the Brooklyn Property pursuant to a bona fide offer from an independent third party for $1,500,000 cash.

8. Only weeks after the suspect sale of the Brooklyn Property, Stickle purchased property in Delray Beach, Florida. Debtor lists that property in Schedule A to her Voluntary Petition as having a value of $135,503.

9. On July 21, 2014 this Court granted limited relief from the Automatic Stay for the purpose of continuing the New York Action with respect to *in rem* claims only. [ECF #25] Pursuant to that Order, Debtor resigned as trustee of Trust One and Edward S. Stone, Esq. was appointed as successor trustee of Trust One. This Court expressly retained jurisdiction over the Debtor's bankruptcy, but did not grant relief from the stay

---

[1] In 2000 Joseph L. Wasik, ("Settlor"), established The Wasik Family Trust as a Supplemental Needs Trust under §7-1.12 of the Estates, Powers and Trusts Laws of the State of New York for the benefit of his sister, who was to receive for her supplemental needs the net income generated by the Trust assets.
[2] Amanda Crandall (as the principal of Adrian Block Properties, LLC) is listed as a creditor in this case in the amount of $10,000 for "potential liability stemming from New York litigation".

with respect to any *in personam* claims against the Debtor without further Order from this Court.

10. Since the grant of limited relief by this Court on July 21, 2014, substantial additional facts concerning Debtor's active concealment have been discovered, which are set forth below.

11. Not only did Debtor fail to disclose to this Court that she was the Trustee under Trust One in her Voluntary Petition, she also failed to disclose the existence of the Trust One bank account and the fact that she was, and is, the sole signatory on the Trust One bank account.

12. Debtor wrote many checks to herself out of the Trust One bank account, including one in the amount of $55,000 on August 30, 2013 and one in the amount of $4,335.12 on January 17, 2014. Copies of these checks are attached as Exhibit 2.

13. Debtor failed to disclose to this Court that she retains a reversionary interest under Trust One in any trust assets remaining after Movant's death.

14. Debtor failed to disclose that she used Trust One funds to pay her bankruptcy counsel, Attorney Angelo Gasparri, a/k/a Debt Relief of Florida, $10,000 for representation with respect to her Voluntary Petition herein. Copies of the four checks written to Debt Relief of Florida and negotiated by Law Offices Angelo Gasparri are attached to the pending *Amended Motion for Disgorgement* at ECF #73 . As shown by the subject disgorgement motion, $4,500 was paid to attorney Gasparri, post-petition, but not disclosed.

15. Debtor also failed to disclose that she used Trust One funds to pay another attorney, David Gourevitch, Esq. for services rendered to Debtor personally.

At least $22,305 was paid to Attorney Gourevitch out of Trust One funds, with two of those checks written out of the Trust One bank account, post-petition. Copies of the checks to Attorney Gourevitch are attached hereto as Exhibit "3".

16. Debtor has failed to cooperate in discovery in the New York Action. While Debtor initially provided cursory and incomplete responses to Movant's discovery requests, she is no longer represented by counsel in the New York proceedings, and has failed to supplement her initial discovery responses which were incomplete.

17. It was recently discovered that Debtor also concealed the fact that she is the trustee <u>under a second trust</u> involving Movant's family. This second trust is The Jospeh Wasik and Paula Wasik Catalanotti Trust, dated March 31, 2000 established by Sophie Wasik, as grantor (Movant's late mother) under §7-1.12 of the Estates, Powers and Trusts Laws of the State of New York for the benefit of Movant and her late brother, Joseph Wasik ("Trust Two"). Trust Two is a Plaintiff in these proceedings.

18. Debtor additionally failed to disclose that she remains as the sole signatory under a bank account in the name of the Trust Two at Astoria Bank.

19. Stickle as trustee under both Trust One and Trust Two, failed to file tax returns for either trust. Despite requests for tax documentation in discovery in the New York Action, no tax returns or other tax information whatsoever was provided by Debtor. The successor Trustee of both trusts, Edward S. Stone, Esq., is required to file tax returns for both trusts but cannot do so without all accounts and records concerning both trusts from the Debtor. The Debtor refuses to cooperate and is being shielded by her Chapter 13 proceedings.

20. Debtor/Stickle has never provided an accounting for either Trust One or

Trust Two.

21. In that the Debtor has acted in her own best interest as opposed to properly conducting her role as Trustee and fiduciary of both Trust One and Trust Two, and because Debtor ignored a previous order of this Court with respect to discovery, it is imperative that the Movant obtain relief from the automatic stay to pursue *in personam* claims against the Debtor for breach of fiduciary duty, conversion, waste of trust assets and for a fraudulent conveyance with respect to the Brooklyn Property under the New York Debtor and Creditor law.

22. Here, the balance of hardships tips significantly in favor of Movant. Debtor filed a fraudulent Petition herein and cannot expect to evade responsibility for her breach of fiduciary duties to not one, but two trusts, by hiding behind the cloak of a bankruptcy stay.

23. If the Movant is not allowed relief from stay, then Debtor/Stickle cannot be made to account for Trust funds she received and spent, Trust One will be handicapped in its efforts to recover the Brooklyn Property and as a result, both the Movant and both Trusts will continue to suffer harm from Stickle's fraud, waste, mismanagement and breach of fiduciary duty.

24. Movant argues that the instant Petition was filed in bad faith. The Eleventh Circuit has looked to the Eighth Circuit's list of eleven factors in determining whether a Chapter 13 plan is proposed in good faith, but the factors "are not intended to comprise an exhaustive list." *In re Kitchens*, 702 F.2d 885, 888-89 (11th Cir. 1983) (citing *In re Estus*, 695 F.2d 311, 317 (8th Cir. 1982) as cited in Judge Olsen's case, *In re Blackmon,* (Bankr. S.D.Fla., 2011)). The primary factors to be considered

in assessing a Chapter 13 debtor's "good faith" or lack thereof in proposing a plan are: (1) the debtors' motivations; (2) their sincerity in seeking Chapter 13 relief; and (3) the circumstances under which they contracted their debts and their demonstrated bona fides in dealings with creditors. *In re Weiser*, 391 B.R. 902 (Bankr. S.D. Fla. 2008) (Cristol, J.). However, dismissal of these proceedings would only serve the interests of the Debtor – the two trusts and the Special Needs beneficiary, Paula Wasik Catalanotti will continue to be without any meaningful remedy at law or equity due to the Debtor's refusal to participate in the Kings County, New York proceedings.

25.  Debtor's motivation in filing her Voluntary Petition was clearly to evade being held responsible for her failure to carry out her fiduciary obligations as trustee for Trust One and Trust Two. Debtor is also attempting to avoid explaining why she sold the Brooklyn Property for a fraction of its value – certainly for less than full and fair consideration. Movant and Trust One need to establish that the Brooklyn Property was sold for less than fair consideration to establish transferee liability and recover the property under the New York Debtor and Creditor Law. Debtor's Voluntary Petition lists Movant as the largest creditor at $100,000. However, unless the Brooklyn Property can be returned to Trust One, Debtor's obligation to Movant actually exceeds $1,000,000.

26.  The circumstances under which Debtor incurred the debt to the Trust was by defalcation of fiduciary obligations. Debtor also concealed the existence of Trust Two entirely.

27.  In the past week, another trust was discovered in the State of New York wherein the Debtor is apparently the trustee and where the Debtor was recently involved

7

in the sale of trust property. Attached as Exhibit 4 is a newspaper article revealing the existence of yet another undisclosed trust where the Debtor serves as trustee. No mention of this new trust can be found anywhere in Debtor's Schedules or Statements.

28. Debtor is in possession of a check in the amount of $29,877.11, payable to the Debtor, who is now the <u>former</u> trustee of The Wasik Family Trust (Trust One) and refuses to disclose her receipt of this check, post-petition and has failed to turnover this check to the successor trustee, Edward S. Stone, Esq.

29. The Plaintiffs in this action are unable to compel the Debtor to turnover account statements, books and records and canceled checks to the successor trustee so that an accounting can be obtained and assets of the trusts can be collected for the benefit of the beneficiary, Paula Wasik Catalanotti. This is due to the fact that the present stay relief limits the relief to *in rem* remedies. Significantly, however, the Debtor moved to the State of Florida after the New York proceedings were filed against her. The New York court is powerless in respect of the Debtor who now resides in the State of Florida. Accordingly, the Plaintiffs herein should be permitted to proceed against the Debtor either in this Court or through a broad modification of the stay relief order that requires Debtor's active participation and cooperation in the New York proceedings.

## **COUNT I – MANDATORY INJUNCTIVE RELIEF**

30. Plaintiffs reallege paragraphs 1 through 29.

31. Based upon the above facts, Plaintiffs are entitled to mandatory injunctive relief to compel the turnover of all books, records, accounts, canceled checks and any other documents, correspondence and email that relate to Trust One and Trust Two. Additionally, in order to facilitate discovery of the extent of Debtor's failure to disclose in

her Petition, Schedules and Statements, the 2004 Examination of the Debtor should be ordered to proceed and the motion for protective order filed by the Debtor [ECF #60] should be overruled.

32. In further support of this request for mandatory injunctive relief, Plaintiffs submit that Debtor has violated Paragraph 4 of the *Agreed Order Granting in Part, and Denying in Part, Catalanotti's Amended Motion for Relief from the Automatic Stay* [ECF #35] by failing to cooperate in the discovery process in the New York proceedings, thereby frustrating the attempts to set aside what appears to be a clear-cut fraudulent transfer from the Debtor to a third party for much less than adequate consideration.

33. Plaintiff, The Wasik Family Trust, joined by the beneficiary, Paula Wasik Catalanotti, additionally seek entry of a mandatory injunction requiring the turnover of the $29,877.11 check payable to her, "as trustee" of The Wasik Family Trust.[2]

34. The successor Trustee, on behalf of Plaintiffs, The Wasik Family Trust and Paula Wasik Catalanotti, requires the original of Trust One and Trust Two so that bank account records can be obtained as to each trust and so that the check in the amount of $29,877.11 can be negotiated by the successor trustee inasmuch as the issuing bank has required that the original trust documents be produced for such a purpose given that the original check has already been issued to the Debtor.

35. Plaintiffs have no adequate remedy at law; Debtor has failed to appear in the New York proceedings and has failed and refused to cooperate in the discovery process in the New York proceedings, thereby frustrating the attempts by the Plaintiffs to collect property belonging to the Trusts and ultimately for the benefit of the special needs

---

[2] No disclosure of Debtor's receipt of these funds has been made in this case.

her Petition, Schedules and Statements, the 2004 Examination of the Debtor should be ordered to proceed and the motion for protective order filed by the Debtor [ECF #60] should be overruled.

32. In further support of this request for mandatory injunctive relief, Plaintiffs submit that Debtor has violated Paragraph 4 of the *Agreed Order Granting in Part, and Denying in Part, Catalanotti's Amended Motion for Relief from the Automatic Stay* [ECF #35] by failing to cooperate in the discovery process in the New York proceedings, thereby frustrating the attempts to set aside what appears to be a clear-cut fraudulent transfer from the Debtor to a third party for much less than adequate consideration.

33. Plaintiff, The Wasik Family Trust, joined by the beneficiary, Paula Wasik Catalanotti, additionally seek entry of a mandatory injunction requiring the turnover of the $29,877.11 check payable to her, "as trustee" of The Wasik Family Trust.[2]

34. The successor Trustee, on behalf of Plaintiffs, The Wasik Family Trust and Paula Wasik Catalanotti, requires the original of Trust One and Trust Two so that bank account records can be obtained as to each trust and so that the check in the amount of $29,877.11 can be negotiated by the successor trustee inasmuch as the issuing bank has required that the original trust documents be produced for such a purpose given that the original check has already been issued to the Debtor.

35. Plaintiffs have no adequate remedy at law; Debtor has failed to appear in the New York proceedings and has failed and refused to cooperate in the discovery process in the New York proceedings, thereby frustrating the attempts by the Plaintiffs to collect property belonging to the Trusts and ultimately for the benefit of the special needs

---

[2] No disclosure of Debtor's receipt of these funds has been made in this case.

beneficiary, Paula Wasik Catalanotti. Additionally, given that Debtor secreted herself to the State of Florida to avoid the jurisdiction of the New York court, the Bankruptcy Court is the only venue that can take jurisdiction over this Debtor and order equitable relief as appropriate.

**WHEREFORE**, Plaintiffs respectfully request entry of mandatory injunctive relief in their favor and against the Debtor, whereby Debtor is ordered to turnover all books, records, accounts, canceled checks and any other documents, correspondence and email that relate to Trust One and Trust Two in addition to delivery to the successor trustee of the check from the State of New York, Office of the Comptroller in the amount of $29,877.11 and to turnover the originals of both Trust One and Trust Two and for such other and further relief as this Court deems appropriate.

## COUNT II – ACCOUNTING

36.     Plaintiffs reallege paragraphs 1 through 29.

37.     Plaintiffs have no adequate remedy at law to obtain an accounting from the Debtor as the former trustee of The Wasik Family Trust and The Joseph Wasik and Paula Wasik Catalanotti Trust. This is because the Debtor has failed to appear in the New York proceedings and has failed and refused to cooperate in the discovery process in the New York proceedings, notwithstanding this Court's July 22, 2014 Order [ECF #35], thereby frustrating the attempts by the Plaintiffs to collect property belonging to the Trusts and ultimately for the benefit of the special needs beneficiary, Paula Wasik Catalanotti. Additionally, given that Debtor secreted herself to the State of Florida to avoid the jurisdiction of the New York court, the Bankruptcy Court is the only venue that can take jurisdiction over this Debtor and order an accounting, being equitable relief that is

appropriate given the facts and circumstances of this case where the Debtor has actively concealed the existence of the subject trusts and monies she has taken from those trusts.

**WHEREFORE**, Plaintiffs respectfully request entry of mandatory injunctive relief in their favor and against the Debtor, whereby Debtor is ordered to turnover all books, records, accounts, canceled checks and any other documents, correspondence and email that relate to Trust One and Trust Two in addition to delivery to the successor trustee of the check from the State of New York, Office of the Comptroller in the amount of $29,877.11 and to turnover the originals of both Trust One and Trust Two and for such other and further relief as this Court deems appropriate.

### **COUNT III – MODIFICATION OF STAY RELIEF ORDER TO INCLUDE *IN PERSONAM* CLAIMS**

38. Plaintiffs reallege Paragraphs 1 through 29.

39. As set forth in detail, above, Plaintiffs have discovered additional material non-disclosures in Debtor's Schedules and Statements which were not discovered until after entry of the agreed stay relief order in this case. In particular, the existence of Trust Two and Debtor's receipt of a check from the State of New York in the amount of $29,877.11, payable to the Debtor as "Trustee", but whom has since resigned such position. Additionally, it was not anticipated that the Debtor would fail to appear in the New York state court proceedings or that the Debtor would violate the requirements of Paragraph 4 of the *Agreed Order Granting in Part, and Denying in Part, Catalanotti's Amended Motion for Relief from the Automatic Stay* [ECF #35] by failing to cooperate in the discovery process in the New York proceedings.

40. Plaintiffs are prepared to demonstrate that Debtor's *Second Amended Plan*

is not wholly-funded by her own monies, rather, with funds that have been effectively stolen from The Wasik Family Trust; monies that were specifically for the use and benefit of a special needs beneficiary, Paula Wasik Catalanotti. Given these facts and circumstances, it would be inequitable for The Wasik Family Trust and Paula Wasik Catalanotti to be limited in their attempts to obtain *in personam* relief against the Debtor, whether such proceedings are maintained in the State of New York or whether this Court ultimately takes jurisdiction of that portion of the New York proceedings which do not relate directly to the fraudulent transfer to the co-defendant, "Adriaen Block Properties, LLC". In particular, the Plaintiffs are unable to establish what the Debtor did with the $400,000.00 which she allegedly collected from that LLC's principal, co-defendant Amanda Crandall who is a personal friend of the Debtor. None of this information can be obtained from a review of Debtor's Schedules and Statements nor from any of her filings in this case. The current limitation on the Plaintiffs' ability to obtain an *in personam* judgment against the Debtor would render their efforts fruitless. The only person or entity that would benefit from such a limitation would be the Debtor who should not be entitled to the protections afforded a Chapter 13 Debtor in the first place assuming it is shown that the *Second Amended Plan* is funded with property belonging to either or both Trust One or Trust Two. Accordingly, the only way in which the Plaintiffs' rights can be adjudicated would be through a process that would permit *in personam* jurisdiction over the Debtor. Without the ability to recoup property belonging to Trust One and/or Trust Two, there is no meaningful way in which the Debtor's breaches of fiduciary duty and her apparent bankruptcy fraud can be addressed.

      **WHEREFORE**, Plaintiffs respectfully request entry of a modified order granting

relief from stay that would permit Plaintiffs to proceed against the Debtor *in personam* and for such other and further relief as this Court deems appropriate.

## **COUNT IV – VACATE CONFIRMATION OF CHAPTER 13 PLAN**

41. Plaintiffs reallege Paragraphs 1 through 29.

42. Debtor's Second Amended Chapter 13 Plan was confirmed on August 28, 2014 [ECF #46].

43. This Court has the power and authority, pursuant to 11 U.S.C. § 105 to vacate a Chapter 13 confirmation order even where more than 180 days have passed since the Plan was confirmed where it can be shown that the order was obtained through the fraud of the Debtor.

44. Debtor's history of non-disclosure and active concealment in this case, coupled with an unconscionable breach of fiduciary duty owed to a special needs beneficiary, should be more than sufficient to justify revocation of the Court's confirmation order.

45. At the time Debtor submitted her Second Amended Plan, she had made representations that she was in compliance with the requirements of the Code that were materially false at the time she made them.

46. Debtor knew such misrepresentations were false at the time she made them or were made without belief of the truth or falsity or were made with reckless disregard for the truth.

47. Debtor made her misrepresentations to the Court with the intent that the Court and Creditors rely upon her misrepresentations (or active concealment) in confirming her Chapter 13 Plan.

48. The Court relied upon Debtor's sworn statements that were materially false in confirming her Second Amended Plan and in reliance thereon, entered the Order confirming Debtor's Second Amended Plan.

**WHEREFORE**, Plaintiffs respectfully request that the Court's *Order Confirming Second Amended Chapter 13 Plan* be vacated and for such other and further relief as this Court deems appropriate.

**Dated** this 7th day of December, 2015**.**

I Hereby Certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Respectfully submitted,
**McLAUGHLIN & STERN, LLP**
CityPlace Office Tower – Suite 1530
525 Okeechobee Boulevard
West Palm Beach, FL 33401
Tel: (561) 659-4020
*Counsel for Plaintiffs, Paula Wasik Catalanotti, The Joseph Wasik and Paula Wasik Catalanotti Trust and The Wasik Family Trust*

By:   /s/ *Steven S. Newburgh*
STEVEN S. NEWBURGH, ESQ.
Florida Bar No. 348619