SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------x
PAULA WASIK CATALANOTTI,

                Plaintiff,

                                                         Index No.

    -against-                                            VERIFIED COMPLAINT

LORI ANN STICKLE F/K/A LORI ANN UTZ,
Individually and in her capacity as Trustee of
The Wasik Family Trust,
AMANDA CRANDALL and ADRIAEN
BLOCK PROPERTIES, LLC

                Defendant(s).
------------------------------------------------------------x

       Plaintiff PAULA WASIK CATALANOTTI by her attorneys, The Legal Aid Society, Brooklyn Office for the Aging, as and for her complaint against the Defendants LORI ANN STICKLE F/K/A LORI ANN UTZ, Individually and in her capacity as Trustee of The Wasik Family Trust (hereinafter referred to as "UTZ"), AMANDA CRANDALL (hereinafter referred to as "CRANDALL") and ADRIAEN BLOCK PROPERTIES, LLC (hereinafter referred to as "ABP") alleges as follows

       1. In 2000 Joseph L. Wasik, (the "Settlor"), established The Wasik Family Trust (the "Trust") as a Supplemental Needs Trust under §7-1.12 of the Estates, Powers and Trusts Laws of the State of New York ( the "EPTL") for the benefit of his sister, the Plaintiff herein. Plaintiff was to receive for her supplemental needs the net income generated by the Trust assets. The principal Trust asset was a residence at 109 South 2d Street, Brooklyn, NY. Block 2405, Lots 43



and an adjacent garage at 107 South 2d Street, Lot 44 (together referred to as the "Premises".) The Premises were conveyed to the trust by the Settlor by a deed dated May 6, 2000.

2. The Trust agreement named a family friend, Defendant UTZ, as the sole Trustee of the Trust. As Trustee, UTZ had the responsibility of maintaining the property, collecting rents paying expenses and carrying out the Settlor's intent to provide income to the Plaintiff.

3. The Settlor died in August, 2009. At no time in the years prior to his death did Defendant UTZ properly carry out any of the duties she had undertaken as Trustee. She failed properly to maintain the Premises and let them fall into disrepair. She failed to assure that the premises were properly rented out at market rates, failed to collect rents from such tenants as there were and failed to pay tax and utility bills as they arose.

4. By 2005, UTZ's communications with Plaintiff amounted to three or four telephone calls a year. In 2006 UTZ informed Plaintiff that she had no longer wished to be a trustee.

5. Defendant UTZ also failed and refused to make any payments of Trust income to Plaintiff in accordance with the wishes of the Settlor. The provision of "items of need and luxury" to Plaintiff, within the meaning of the Trust agreement, amounted to occasional gifts of nutrition bars, cleaning supplies, cab fare, and the like, Defendant UTZ's refusal to pay any supplemental living expenses to Plaintiff was not the result of a good faith exercise of her discretion as Trustee. Rather, it was the result of incompetence, neglect, animus toward to Plaintiff and total indifference to her fiduciary responsibilities as Trustee.

6. In or about 2007 Plaintiff asked an attorney, Karen Mancuso, to contact Defendant UTZ to request an accounting -- which Plaintiff had right to receive under Article Thirteenth of

the Trust. Defendant UTZ ignored the request. She has refused to date to provide an accounting or even a response to the request for an accounting.

7  By the summer of 2013, the Premises were in a state of disrepair with some three or four years of unpaid tax bills in arrears. Utility bills were also in arrears to the extent that the utility company placed notices on the front door of the Premises warning that power would be shut off unless the bills were promptly paid.

8  On information and belief, in the period January, 2013 to August, 2013, Defendant UTZ operated the garage portion of Premises at 107 South 2d Street as an illegal hotel with transient overnight occupants. As a result, the Premises were cited by the Department of Buildings for zoning violations.

9. In May, 2013, Plaintiff, having for years received neither income from the Trust nor any communication from Defendant UTZ with regard to the affairs of the Trust, gave a power of attorney to an acquaintance, Brad Mathias, and asked him to contact Defendant UTZ to obtain such information.

10  Mathias contacted UTZ that month to discuss the operations of the Trust. Defendant UTZ informed him at that time that rather than provide Plaintiff the benefits to which she was entitled, she would give the Premises away for One Dollar. She went on, however, to ask Mathias to fax her any bona fide offers to purchase the Premises.

11. On June 13, 2013, Mathias faxed UTZ a copy of a bona fide offer he had to purchase the premises for $1,500,000 in cash. He also informed UTZ that he had other offers to buy the Premises at similar prices. Several weeks later Defendant UTZ told Mathias that she did not

intend to sell the property at its fair market value. Instead, she intended to sell to her friend and former neighbor for $300,000

12. On August 5, 2013, Mathias sent Defendant UTZ by certified mail a copy of his power of attorney to act on Plaintiff's behalf. In his letter he also pointed out that taxes on the Premises had been unpaid and that UTZ had failed to communicate with Plaintiff. Mathias asked UTZ to engage in a discussion of the financial affairs of the Trust and to provide him with an accounting. He further stated that he wished to work with UTZ to find solutions for the apparent problems that existed.

13. On August 10, 2013, shortly after receiving Mathias's letter, Defendant UTZ contacted Plaintiff and told her that she would receive no benefits from the Trust unless and until she fired Mathias as her attorney-in-fact.

14. Thereafter, UTZ showed no further interest in selling the Premises to a purchaser at their fair market value. She refused to have any further communication with Mathias, refused to answer his telephone calls and threatened to have him arrested if he continued to call her.

15. On information and belief, in or about August, 2013, after receiving these communications from Mathias, Defendant UTZ entered into a scheme with Defendant CRANDALL, who was a friend of UTZ's, to defraud the Trust of its principal asset, the Premises, and to deprive Plaintiff forever of any benefits that the Grantor intended her to have.

16. In furtherance of this scheme, on August 14, 2013, Defendant CRANDALL had Defendant ABP incorporated in New York for the purpose of acting as a "purchaser" of the Premises.

17. On information and belief, ABP has no assets and no officers, directors or employees other than CRANDALL. ABP's corporate headquarters, according to the New York State Department of State, are at 257 Berry Street, Brooklyn, which is the address of Defendant CRANDALL'S residence.

18. On information and belief, the sole purpose of incorporating ABP was to have it enter into a sham transaction in which it would purchase the Premises at a price of less than one third of its fair market value. The object of this scheme was for the Defendants to appropriate for themselves the principal asset of the Trust and thereby deprive Plaintiff of the income that the Settlor had intended for her benefit.

19. On information and belief, on August 29, 2013 Defendant UTZ, in breach of her fiduciary duty to the Trust and to Plaintiff, deeded the Premises to Defendant ABP for the reported sum of $500,000. $400,000 of that amount, however, was in the form of a 30 year purchase money mortgage by ABP to The Wasik Family Trust.

20. Defendant UTZ knew at the time she entered into this transaction with Defendants CRANDALL and ABP that this sale of the Premises, for a price that was some one third of their fair market value amounted to an unlawful and unauthorized gift of Trust assets. This waste of Trust assets by UTZ was grossly unfair to the Trust and constituted a flagrant breach of her fiduciary duty as Trustee.

21. Defendants CRANDALL and ABT aided and abetted UTZ's breach of fiduciary duty inasmuch as they knew that UTZ was selling a Trust asset at a price that was less than one third of their fair market value.

22. After entering into this transaction, Defendant UTZ, in the period September, 2013 to date, has refused to answer or return telephone calls to her from Mathias.

23. On November 14, 2013, Mathias placed a telephone call to Defendant CRANDALL to make inquiries on behalf of Plaintiff about this transaction. Defendant CRANDALL, like UTZ before her, refused to speak to Mathias and hung up the telephone on him.

## AS AND FOR A FIRST CAUSE OF ACTION – REMOVAL OF DEFENDANT UTZ AS TRUSTEE

24. Plaintiff repeats and realleges paragraphs I through 23, above. as though fully set forth herein.

25. Plaintiff, as a beneficiary of the Trust, is a person interested in the Trust estate under §7-2.6 of the EPTL. Accordingly, she has standing to complain about the conduct of the Trustee and to seek Defendant UTZ's removal as Trustee.

26. Defendant UTZ, for the reasons stated above, has breached, and continues to breach, her fiduciary duty to the Trust She should be removed by this Court as Trustee pursuant to the above cited provision of the EPTL.

27. The only successor Trustee provided for in the Trust Agreement, Kirk Utz, resigned as Successor Trustee on April 25, 2007. Inasmuch as the Trust contains no provision for appointing a successor Trustee to Kirk Utz, or a successor Trustee if the existing Trustee Is removed by the Court, Plaintiff asks that his Court appoint an independent Trustee to serve in that capacity .

## AS AND FOR A SECOND CAUSE OF ACTION – AN ACCOUNTING BY DEFENDANT UTZ

28. Plaintiff repeats and realleges paragraphs 1 through 27, above. as though fully set forth herein.

29 Plaintiff has on two occasions made demands upon Defendant UTZ to provide her with an accounting of her handling of trust assets. On both occasions, UTZ ignored the request. She has refused to provide an accounting – or even a response to the request for an accounting.

30. Plaintiff now asks this court to order Defendant UTZ to provide the accounting that she is required by law to provide.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST UTZ BREACH OF FIDUCIARY DUTY

31. Plaintiff repeats and realleges paragraphs 1 through 30, above, as though fully set forth herein.

32. By reason of the conduct alleged above, particularly, her gift of more than $1,000,000 of Trust assets in the form of a "sale" of the Premises to Defendants CRANDALL and ABP at less than one third of their fair market value, constituted an abuse of the fiduciary duty of good faith and fair dealing that she owed to the Trust and to Plaintiff.

33. Defendant UTZ should be held liable to the Trust and to Plaintiff for loss caused by reason of her breaches of fiduciary duty.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST CRANDALL AND ABP – AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

34. Plaintiff repeats and realleges paragraphs 1 through 33, above, as though fully set forth herein.

35. On information and belief, Defendants CRANDALL and ABP were well awarel that when ABP "purchased" the Premises from the Trust at a price that was less than one third of their fair market value, the transaction amounted to an improper gift of Trust assets and constituted a breach of Defendant UTZ's fiduciary duty to the Trust and to Plaintiff.

36. In participating in and helping to carry out a transaction that was a blatant waste of Trust assets, Defendants CRANDALL and ABP consciously aided, abetted, and benefited from UTZ's breach of fiduciary duty.

37. Accordingly, Defendants CRANDALL and ABP are equally liable to the Trust and to Plaintiff as aiders and abettors of UTZ's breach of fiduciary duty.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT ADP - NEW YORK REAL PROPERTY AND PROCEEDINGS LAW, ARTICLE 15

38. Plaintiff repeats and realleges paragraphs 1 through 37, above, as though fully set forth herein.

39. Section 7-2.4 of the EPTL provides that "every sale, conveyance or other act of the trustee in contravention of the trust", except those otherwise authorized by law, is "void." Nothing in the Trust Agreement, the EPTL or other provision of New York law authorized Defendant UTZ to make a gift of the Premises to a third party, in the form of a sham "sale", for a "price" of less than one third of the fair market value of that property.

40. For the reasons set forth above, the deed by which Defendant UTZ's purportedly conveyed the Premises to Defendants CRANDALL and ABP, in contravention of the fiduciary duties as Trustee, was "void" as a matter of law and of no legal effect.

41. Plaintiff brings this claim pursuant to Article 15 of the New York State Real Property Actions and Proceedings Law to compel the determination of any claims adverse to those of the Trust and Plaintiff in the premises known as 107 and 109 South 2d Street, Brooklyn, NY 11252, Block 669, Lots 44 and 44.  Through this action Plaintiff seeks to quiet title to the Premises by having declared as void the fraudulent deed of transfer dated August 27, 2013 purportedly from The Wasik Family Trust, by Defendant UTZ as Trustee, to Defendant ABP, said deed being recorded in the Office of the City Register  ACRIS Id. #2013090400383001.  Plaintiff also seeks to void  the related mortgage dated August 27, 2013 from Defendant ABT to The Wasik Family Trust also recorded in the Office of the City Register, ACRIS Id. #2013090400383002.

42. This Court has jurisdiction over the claims asserted herein pursuant to C.P.L.R. ¶507 as the real property in issue, the  Premises,  are located within Kings County.

43.  The Wasik Family Trust is the owner fee simple of the Premises, as alleged above, by deed date May 6, 2000 which Deed was duly recorded in the office of the City Register, /reel 4897, page 0701. Defendant ABP claims title based on the aforementioned deed dated August 27, 2013.  As alleged in the foregoing paragraphs, however, that deed is void and Defendant ABP was not a bona fide purchaser for value, in good faith and without notice.  ABP knew that the entire transaction pursuant by which it purportedly obtained title was a fraud upon the Trust and upon Plaintiff  and a breach of  the fiduciary duty that Defendant UTZ owed to the Trust and to Plaintiff.

44. Defendants UTZ, CRANDALL and ABP knew that UTZ was required by law at all times to act in the best interests of the Trust. They also knew that UTZ had no authority to under the Trust, or the law of New York, to make gift of Trust assets either to Defendant CRANDALL, or to CRANDALL'S shell corporation, Defendant ABP.

45. In summary, ABP knew at all times that its claim to ownership of the Premises was fraudulent, illegitimate and unlawful and that the deed it obtained through this fraud is null and void.

46. Upon information and belief, no party who is or should be a defendant in this action is or might be an infant, mentally retarded, mentally ill or an alcohol abuser.

47. On information and belief, a judgment in this matter will not affect a person or persons not in being or ascertained at the commencement of this action, who by any contingency contained in a devise or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the Premises. In addition, every person in being who would have been entitled to such estate or interest, if such event had happened immediately before the commencement of this action, is named as a party to this action.

WHEREFORE, Plaintiff Paula Wasik Catalanotti demands judgment as follows:

a. As to Plaintiff's First Cause of Action, that Defendant UTZ be removed as Trustee of the Trust by reason of her multiple breaches of fiduciary duty and that a successor Trustee be appointed by the Court in her stead.

b. As to Plaintiff's Second Cause of Action, that Defendant UTZ be ordered to provide Plaintiff with an accounting of her administration of the Trust from its inception to the date hereof.

c. As to Plaintiff's Third Cause of Action, that Defendant UTZ be held liable in damages to the Trust and to Plaintiff for her multiple breaches of fiduciary duty in an amount not less that the value of the Premises that she gave away in breach of that trust.

d. As to Plaintiff's Fourth Cause of Action, that Defendants CRANDALL and ABP he held liable as aiders and abettors of UTZ's breach of fiduciary duty and that they be held liable in damages to the same extent as Defendant UTZ.

e. As to Plaintiff's Fifth Cause of Action:

1. that the Deed dated August 27, 2013 purporting to convey the Premises to ABP, along with the related purchase money mortgage, which documents were filed in the Office of the City Register be set aside as invalid, null, void and of no legal effect and that they be ordered cancelled and discharged of record;

2. that Defendant ABP and all persons claiming under said deed be forever barred from all claims to an estate or interest in the Premises;

3. that it be adjudged and finally determined that the Wasik Family Trust is the lawful owner of the Premises and is vested with an absolute and unencumbered title in fee to it, and

4. that sole and completed possession of the Premises be awarded to the Wasik Family Trust .

f. that inasmuch as Defendants have acted together in an illegal and grossly outrageous manner, the Trust and Plaintiff be awarded punitive damages against the defendants, jointly and severally, of $1,000,000;

g. that Plaintiff recover any and all costs, disbursements and attorneys' fees, and

    h. that Plaintiff have such other and further relief as to the Court may be deemed just, equitable and proper.

Dated: Brooklyn, New York
       December 12, 2013

                                            _____
                                            AURORE DECARLO, ESQ.
                                            Attorney-in-Charge
                                            The Legal Aid Society
                                            Brooklyn Office for the Aging
                                            STEVEN BANKS, Attorney-in-Chief
                                            ROGER J. HAWKE, ESQ., Of Counsel
                                            111 Livingston Street, 7th floor
                                            Brooklyn, New York 11201
                                            718-645-3111
                                            Attorneys for Plaintiff

## VERIFICATION

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF KINGS      )

PAULA WASIK CATALANOTTI, being duly sworn, deposes and says:

1. I am the Plaintiff in the within proceeding.

2. I have read the foregoing Verified Complaint and I know the contents thereof. The same is true to my knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
PAULA WASIK CATALANOTTI

Sworn to before me this
    day of        December, 2013

_____
NOTARY PUBLIC