UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:  Case No. 14-19551-PGH

Chapter 13

LORI STICKLE,

Debtor.

_____/  Adv. Pro. No. 15-01720

PAULA WASIK CATALANOTTI,
THE WASIK FAMILY TRUST and
THE JOSEPH WASIK AND PAULA
WASIK CATALANOTTI TRUST,
Plaintiff,
v.

LORI STICKLE,

Defendant.

_____/

### MOTION TO DISMISS COUNT I AND COUNT II OF PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT WITH REGARD TO COUNT I AND COUNT II

COMES NOW, the Debtor-Defendant, Lori Stickle, by and through her undersigned counsel files this *Motion to Dismiss Count I and Count II of Plaintiff's Complaint, or in the alternative, Motion for a More Definite Statement* and states as follows:

1. On April 28, 2014 ("Petition Date"), the above-named Debtor filed a Voluntary Petition for relief under Chapter 13 of the U.S. Bankruptcy Code.

2. On May 22, 2014 Plaintiff filed a Motion for Relief from the Automatic Stay in the underlying bankruptcy case at DE 15.

3. On July 22, 2014, after months of discussion, Plaintiff and Debtor-Defendant submitted an Agreed Order to the Court disposing of the issues raised by the Plaintiff within the Motion for Relief at DE 35.

4. The Debtor's Chapter 13 Case was confirmed without objection from the Plaintiff on August 28, 2014 (DE 46).

5. On December 7, 2015, over 15 months after the Confirmation of the Debtor's plan Creditor filed the Complaint (DE 1) in this Adversary Proceeding.

6. Creditor cites no statutory provision beyond 11 U.S.C. §105 in support of its demand for relief.

7. Count I of the Plaintiff's Complaint, demands that the Debtor turnover all books, records, accounts, canceled checks and any other documents, correspondence and email that relate to Trust One and Trust Two, and, that the Debtor turnover a check in the amount of $29,877.11.

8. Count I appears to be an unnatural hybrid between a motion for turnover and a request for the production of documents, that complainant declares is a request for "mandatory injunction".

9. As plead the Debtor cannot identify the property being requested for turnover and is unable to trace its source based upon the information provided in the Complaint.

10. Debtor has turned over all documents in her possession, custody, or control to the Defendant with regard to outstanding discovery.

11. The requested discovery materials are identical to the materials requested in the greater bankruptcy case and already produced by the Defendant in that proceeding.

12. Count II requests the Debtor preform an "accounting" with regards to the trust of which she was formerly a trustee.

13. Debtor does not have an "accounting", and is no longer the trustee, as is outlined in the Agreed Order at DE 35.  Further, the Debtor does not have access to the material required to complete an accounting, nor the funds required to have it completed on behalf of the trust.  (The Trust documents would require the Trust to fund such a request.)

14. Count I and Count II are superfluous in that they request relief which has been settled in the Agreed Order at DE 35, and for which the Plaintiff already has a remedy.

15. Plaintiff could, and should have brought such claims via motion practice which would have reduced the amount of time and expense taken by both counsel and this Court.

16. In the interests of judicial economy alone Count I and Count II should be dismissed.

17. The allegations within the four corners of the complaint with regard to Count I and Count II do not establish sufficient factual allegations to allow the Defendant to properly understand and defend the Counts.

18. The allegations contained in Count I and Count II do not demonstrate elements or factors that establish a baseline for the Defendant to properly defend herself; nor does it demonstrate a cause of action available under the law.

19. Fed. R. Bankr. P. Rule 7001 details the scope of adversary proceedings.

20. An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

> (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;
>
> (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

 (3) a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property;

 (4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§727(a)(8), (a)(9), or 1328(f);

 (5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

 (6) a proceeding to determine the dischargeability of a debt;

 (7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

 (8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

 (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

 (10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. §1452.

21. Claims such as those outlined in Count I and Count II are not enumerated and bear no resemblance to the claims outlined in Fed. R. Bankr. P. 7001.

22. Creditor's demand for equitable relief under 11 U.S.C. §105 seeks to over-extend 11 U.S.C. §105 far beyond the current jurisprudence suggests is available. Further, Creditor has failed to provide a basis within the law under the Bankruptcy Code.

23. Creditor seeks to turn the Bankruptcy Court into a court of general equity, which it is not and has never been intended to be.

24. Creditor cites to no law beside 11 U.S.C. §105 to establish a theory of recovery with regard to the relief sought via an adversary proceeding.

25. Courts have long held that 11 U.S.C. §105 does not act as a private right of action.

26. As Creditor's sole basis is 11 U.S.C. §105, Creditor is attempting to use 11 U.S.C. §105 in a manner forbidden by current jurisprudence.

27. It has been established that 11 U.S.C. §105 can only be used to "carry out" the Bankruptcy Code and cannot be used to override specific provisions of the Bankruptcy Code.

## MEMORANDUM OF LAW

### 1. 11 U.S.C. §105 does not act as a private right of action

Creditor's reliance on 11 U.S.C. § 105 is misplaced and forbidden under the current jurisprudence.  11 U.S.C. §105(a) confers authority to "carry out" the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere. *Law v. Siegel* 571 U.S. ____ (2014).  The Supreme Court has long held that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of" the Bankruptcy Code. *Norwest Bank Worthington v. Ahlers*, 485 U. S. 197, 206 (1988); see, e.g., *Raleigh v. Illinois Dept. of Revenue*, 530 U. S. 15, 24–25 (2000); *United States v. Noland*, 517 U. S. 535, 543 (1996); *SEC v. United States Realty & Improvement Co.*, 310 U. S. 434, 455 (1940). Section 105(a) may be utilized only in a manner consistent with the provisions of the Bankruptcy Code.  See J*ohnson v. First Nat'l Bank of Montevideo*, 719 F.2d 270, 273 (8th Cir. 1984), cert. denied, 465 U.S. 1012 (1984); *In re Texas Consumer Finance Corp.*, 480 F.2d 1261, 1265 (5th Cir. 1973). Section 105(a) does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, *Southern Ry. Co. v. Johnson Bronze Co.*, 758 F.2d 137, 141 (3d Cir. 1985), to serve as "a roving commission to do equity," *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986), or to add remedies to the remedies that are explicitly set forth in the Bankruptcy Code to address particular conduct, *In re Joubert*, 411 F.3d 452, 455 (3d Cir. 2005) (citing *Alexander v. Sandoval,*

532 U.S. 275 (2001)). See also *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 507 (9th Cir. 2002) ("it is not up to us to read other remedies into the carefully articulated set of rights and remedies set out in the Bankruptcy Code."); *In re Oxford Management, Inc.*, 4 F.3d 1329, 1333-34 (5th Cir. 1993) (Section 105 must be exercised in a manner consistent with the Code and does not create substantive rights); *In re Plaza de Diego Shopping Center, Inc.*, 911 F.2d 820, 830-31 (1st Cir. 1990) (court's equitable discretion is limited and cannot be used in a manner inconsistent with the commands of the Bankruptcy Code); *Holloway v. Household Automotive Fin. Corp.*, 227 B.R. 501, 504-05 (N.D. Ill. 1998) (Section 105(a) does not authorize the creation of new private rights of action).

As stated in *Rodriguez v. Countrywide Home Loans* (*In re Rodriguez*), 396 B.R. 436, 457 (Bankr. S.D. Tex. 2008): While it is true that the considerable discretion conferred on courts sitting in bankruptcy by §105 is not unlimited, in that it is not a 'roving commission to do equity,' . . . a court is well within its authority if it exercises its equitable powers to enforce a specific code provision . . . Thus, §105 does not itself create a private right of action, but a court may invoke §105 'if the equitable remedy utilized is demonstrably necessary to preserve a right elsewhere provided in the Code'. *Id*. Many courts have held that §105 does not create a private cause of action standing alone or in conjunction with other Bankruptcy Code sections.

"When § 105(a) is employed by a court, the critical question is whether the process utilized fairly placed appellant on notice of what was at stake and afforded an opportunity to respond. That requirement was plainly satisfied in this instance." *In re Donald*, 328 B.R. 192 (B.A.P. 9th Cir. 2005). In this instance not only was the Creditor represented by Counsel, but the Creditor agreed to a particular outcome of ***their own***

motion. In the case at hand, all due process was properly followed and no party was disenfranchised.

It is not questioned that proceedings in bankruptcy generally are in the nature of proceedings in equity, *Bardes v National Bank*, 178 U.S. 524 (1899), or that courts of bankruptcy, in order that substantial justice be done, are liberal in allowing amendments, especially to meet situations not covered by law or by rules of procedure. But it is going rather far to hold, that a court of bankruptcy, in its orderly administration of justice, will reach into its general equity powers and find a means to restore a person a right which is conferred upon him by statute and which he has lost by his own neglect. *Shimer v Powell* (*In Re L. & R. Wister & Co.*) 237 Fed. 793 (3rd Cir 1916).

### 2. The Four Corners of the Complaint is Insufficient as it is Written

The U.S. Supreme Court, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544; 127 S.Ct. 1955; 167 L. Ed. 2d 929 (2007), heightened the pleading requirement to include more specific facts which support statutory elements, the standard generally remains unchanged.

> To survive a motion to dismiss, the four corners of the complaint must contain factual allegations which are "enough to raise a right to relief above speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), overruled on other grounds by *Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984).

The equitable relief requested in this Adversary Proceeding regarding Count I and Count II are focused not on statutory elements or factor based assessments, but bald allegations of bad faith and bad things without any basis in the law. Count I is a request for mandatory injunctive relief which is, in actuality, a request for production and a

motion for turnover wrapped into a single count. Without these being separated and plead with a basis under the law the Defendant is placed into a precarious position of not knowing what even needs to be proven and by what standard. Count II requests the for the Defendant to take an affirmative action with regard to something she neither has the intellectual capacity to accomplish on her own, nor the financial wherewithal to find and pay for professional assistance. Count II once again establishes no baseline, code, or precedent to start from which would establish elements or factors for the Court to consider or for the parties to prove. Without these basic requirements met this Adversarial Proceeding cannot continue with regard to Count I and Count II in the spirit of due process, let alone on the four corners of the Complaint.

WHEREFORE, the Debtor-Defendant, Lori Stickle Prays this Honorable Court for the following:

A. Dismiss Count I of the complaint, or in the alternative to direct the defendant to amend the complaint to provide a more definitive statement that includes a cause of action and a concise statement of the facts that suggest the Debtor is entitled to relief;

B. Dismiss Count II of the complaint, or in the alternative to direct the defendant to amend the complaint provide a more definitive statement that includes a cause of action and a concise statement of the facts that suggest the Debtor is entitled to relief;

C. For Attorney's fees; and,

D. For any, and all other relief that the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 23rd Day of February, 2016, by electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List, and/or First Class US Mail upon all parties listed below.

Respectfully Submitted,

        /s/ Angelo A Gasparri_____
      Angelo A Gasparri, Esq.
      1080 South Federal Highway
      Boynton Beach FL 33435
      Phone: 561-826-8986
      Fax: 561-935-9706
      Angelo@drlclaw.com
      Florida Bar No.: 32158
      Attorney for the Defendant

**SERVICE LIST**

Steven S. Newburgh, Esq.
McLAUGHLIN & STERN, LLP
CityPlace Office Tower – Suite 1530
525 Okeechobee Boulevard
West Palm Beach, FL 33401

Robin R Weiner, Esq.
Chapter 13 Trustee